# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

————————————————————————

)
JAMES C. ST. JOHN,                               )
                                                 )
     **Plaintiff,**                            )
                                                 )
     **v.**                                  )
                                                 )
THE CBE GROUP, INC., THE                         )
MASSACHUSETTS HIGHER                             )     **Civil Action No.**
EDUCATION ASSISTANCE                             )     **10-40091-FDS**
CORPORATION, d/b/a AMERICAN                      )
STUDENT ASSISTANCE, THE UNITED                   )
STATES DEPARTMENT OF                             )
EDUCATION, and SLM CORPORATION,                  )
                                                 )
     **Defendants.**                          )

————————————————————————)

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO REMAND,
## PLAINTIFF'S MOTION FOR EXTENSION OF TIME, AND
## <u>DEFENDANTS' MOTIONS TO DISMISS</u>

**SAYLOR, J.**

     This is a civil action involving a dispute over student loan repayment obligations. Plaintiff

James St. John, who is proceeding *pro se*, has brought various claims arising out of alleged

mistakes in processing his request to defer repayment on his student loans while he served in the

United States armed services during the mid-1990s. Defendants—American Student Assistance

("ASA"), the Department of Education, the SLM Corporation, and the CBE Group, Inc.—act as

guarantors, servicers, or debt collectors on the loans.

     Plaintiff initially filed his complaint in Worcester Superior Court. SLM then removed the

case on the ground that the complaint asserted federal claims and that adjudication in a federal

forum was appropriate under 28 U.S.C. § 1331.

Pending before the Court is plaintiff's motion to remand, plaintiff's motion for extension of time, and motions to dismiss by three of the defendants. For the following reasons, plaintiff's motion to remand will be granted and his motion for extension of time will be denied. Defendants' motions to dismiss will be denied without prejudice as moot.

I.     **Background**

James St. John attended Clark University as an undergraduate student from 1988 to 1993. In order to finance his education, he took out several student loans and signed promissory notes to secure the loans with local banks, including the Stafford Loan and Supplemental Loan for Students at issue in this case. The loans were later repurchased and reassigned for servicing.

St. John served on active duty in the armed services from August 1993 until November 1997. While deployed, he attempted to submit the appropriate paperwork to obtain a public service deferment from loan repayment obligations. St. John alleges that he was contractually entitled to this deferment period, but that his deferment application was incorrectly processed by SLM, which led defendant ASA to declare him in default on the loans while he was deployed. ASA later obtained a default judgment against St. John in Worcester District Court for nonpayment on one of the loans.

St. John filed an amended complaint in Worcester Superior Court on April 2, 2010. The complaint is styled as asserting five counts, each of which purports to seek a declaratory judgment under Mass. Gen. Laws. ch. 231A. Within each of the counts, however, plaintiff brings a host of state law claims, including claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and defamation. These claims make reference to the Higher Education

Act, 20 U.S.C. § 1071 *et seq.*, but do not explicitly assert a cause of action under the statute. Against CBE only, the complaint appears to assert a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. In addition to declaratory relief, plaintiff seeks damages, injunctive relief, and attorney's fees.

ASA was served with the summons and complaint on April 28, 2010. SLM was served on May 4, and CBE and the Department of Education were served on May 17. SLM removed the case to this Court on May 24, less than thirty days after its receipt of the summons and complaint. *See* 28 U.S.C. § 1446(b) (requiring that the notice of removal be filed within thirty days of a defendant receiving a copy of the initial pleading or summons). SLM asserted that this Court has original jurisdiction over the case under 28 U.S.C. § 1331 because the complaint asserts federal causes of action. (Removal Pet. ¶¶ 4-6). Its notice of removal, however, did not indicate that any of the three other co-defendants consented to removal. The Department of Education and ASA subsequently filed notices of consent to removal with the Court on June 18 and 23, in both cases after expiration of the thirty-day statutory removal period. CBE incorrectly informed its co-defendants that it had not been served in the case, but later, on July 15, expressed consent to removal to SLM.

St. John mailed his motion to remand to this Court and to defendants on June 21, 2010, twenty-eight days after SLM's notice of removal was filed. The motion is signed and dated June 21. It was filed in the Court's electronic case filing system ("ECF") on June 25, thirty-two days after SLM's notice of removal was filed. As a *pro se* plaintiff, St. John is not a registered user of ECF. He has subsequently filed a motion under Fed. R. Civ. P. 6(b)(1)(B) to extend retroactively the time window within which he could file his motion to remand. SLM, the Department of

Education, and ASA have each filed a motion to dismiss the case under Fed. R. Civ. P. 12(b)(6).

## II.    Motion to Remand

Removal of a state court case to federal court is governed by 28 U.S.C. §§ 1441–1452.

Plaintiff's motion to remand contends that SLM's notice of removal was defective because SLM's

three co-defendants did not consent to removal within the thirty-day period required by 28 U.S.C.

§ 1446(b).  SLM, joined by the Department of Education, counters that plaintiff's motion to

remand was untimely under the thirty-day period prescribed in 28 U.S.C. § 1447(c).  If this is so,

this Court may not remand the case, as a motion to remand on any ground other than lack of

subject matter jurisdiction must be made within thirty days of removal.  28 U.S.C. § 1447(c).[1]

The Court considers these contentions in turn, mindful of the admonition that the removal statutes

should be construed strictly against removal to federal court.  *See Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 108-09 (1941);  *Abdelnour v. Bassett Custom Boatworks, Inc.*, 614 F.

Supp. 2d 123, 126 (D. Mass. 2009) (Section 1447(c) "must be strictly construed and any doubt

concerning federal jurisdiction must be resolved in favor of state court jurisdiction.").

Under 28 U.S.C. § 1441, a defendant in state court may remove a civil action to a United

States District Court whenever the federal court would have original jurisdiction over the action.

*See* 28 U.S.C. § 1441(a).  Generally, in an action involving multiple defendants, all defendants

who have been served must join in the removal petition or otherwise indicate consent to removal.

*See Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900); *Esposito v. Home*

---

[1] The parties also dispute whether or not this Court has subject matter jurisdiction over the case under 28 U.S.C. § 1331.  Because this case will be remanded due to a defect in the removal procedure, the Court need not consider whether any of plaintiff's claims assert a federal cause of action or necessarily raise a disputed and substantial federal issue appropriate for adjudication in a federal forum. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

*Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009); *Montana v. Abbott Labs.*, 266 F. Supp. 2d 250, 260 (D. Mass. 2003). This rule of unanimity permits remand if at least one defendant has not filed a notice of removal or otherwise consented to removal within thirty days of being served. *See* 28 U.S.C. § 1446(b); *Montana*, 266 F. Supp. 2d at 260. "Although it is not required that all the defendants sign the [removal] petition to manifest consent, 'that consent must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days.'" *Frankston v. Denniston*, 376 F. Supp. 2d 35, 38 (D. Mass. 2005) (quoting *Sansone v. Morton Mach. Works, Inc.*, 188 F. Supp. 2d 182, 184 (D.R.I. 2002)).

Here, only SLM filed a timely notice of removal within the thirty-day statutory period. *See* 28 U.S.C. § 1446(b). Its removal petition did not indicate that any of its three other co-defendants consented to removal, nor did any of the other co-defendants independently express consent to removal to this Court within the thirty-day period. The Department of Education and ASA filed notices of their consent to removal after the thirty-day period had elapsed. After it had misrepresented to its co-defendants that it had not yet been served, CBE sent a short letter to SLM's counsel fifty-one days after removal indicating its consent. In these circumstances, there was an obvious failure to meet the "well-settled" unanimous consent requirement. *Esposito*, 590 F.3d at 76. This failure of unanimity constitutes a clear defect in the removal procedure and justifies remand.

SLM objects that even if unanimous consent to removal was not achieved, plaintiff's motion to remand, to the extent that it objected to removal on procedural grounds, was untimely. Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of

removal under section 1446(a)." This thirty-day deadline is mandatory, and failure to move to remand for any non-jurisdictional defect waives a plaintiff's right to object to removal. *See Esposito*, 590 F.3d at 75. Plaintiff's motion to remand was mailed on June 21, two days before the thirty-day period in § 1447(c) had elapsed. However, his motion to remand was not filed in this Court by the ECF system until June 25, two days after expiration of the thirty-day statutory period.

The Court must therefore consider whether this *pro se* plaintiff's motion to remand for a procedural defect was "made" when the motion was mailed or when it was filed in ECF. The Second Circuit has observed that "[s]ection 1447 does not give any guidance on when a motion is 'made.'" *Phoenix Global Ventures v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005). In normal circumstances, when a party is represented by counsel, a motion is "made" when it is filed with the court, a process governed by the Federal Rules of Civil Procedure and the Local Rules. *See id.* at 75-76 (citing Fed. R. Civ. P. 5(a), 5(d), 7(b)(1)). Yet as a *pro se* plaintiff who is not a registered user of ECF, St. John was neither required nor able to file his motion electronically. *See* Local Rule 5.4(G)(2)(b). His only option was to mail his motion to remand to defendants and to the Court, which would file his motion in the ECF system when it arrived.

The Second Circuit recently determined that when holding a party "to the technical ECF system requirements would . . . work an injustice," a district court is well within its discretion to deem a motion to remand "made at the time when, but for . . . noncompliance [with ECF], the motion would have been made." *Phoenix Global Ventures*, 422 F.3d at 76.[2] Other courts have

---

[2] While *pro se* litigants in this circuit are not exempted from complying with the Federal Rules of Civil Procedure or the Local Rules, "for some matters, *pro se* litigants receive the benefit of the doubt." *Marcello v. Maine*, 489 F. Supp. 2d 70, 77 (D. Me. 2007); *but see Rivera v. Riley*, 209 F.3d 24, 27-28 & n. 2 (1st Cir. 2000)

likewise deemed motions to remand to be "made" at times different from the time of filing when strict application of the electronic filing requirements "would cause an unjust result." *Id.* For example, in *Seville v. Stowitzky*, the court deemed a *pro se* litigant's remand motion "made" on the date it was signed and dated rather than the date it was filed in ECF. *See* 2009 WL 722274, at *3 (E.D. Pa. 2009 Mar. 17, 2009) (slip copy); *see also Wilson v. Lowe's Home Center, Inc.*, 401 F. Supp. 2d 186, 189 (D. Conn. 2005) (concluding that a motion to remand was timely when it arrived in the clerk's office before expiration of the statutory period, but was not filed until after the period had elapsed).

The same principle applies here. There is no dispute that St. John mailed his motion and served it upon defendants within the thirty-day statutory period. His failure to file the motion in ECF within the thirty-day window was attributable to delays in the mail system, and he made a good faith attempt to comply with the procedural requirements in § 1447(c).[3] Where, as here, it is "obvious that the notice of removal suffered from procedural defects," and where defendants have identified no obvious prejudice arising from the two-day delay in the motion appearing as filed on ECF, the Court will deem the motion to be made at the time it was mailed. *See Phoenix Global Ventures*, 590 F.3d at 76.

The Court accordingly concludes that plaintiff's motion to remand was made on June 21, 2010, and was therefore timely under 28 U.S.C. § 1447(c). Having already determined that defendants' defective notice of removal justifies remand, plaintiff's motion to remand will be

---

("We have held consistently that *pro se* status does not free a litigant in a civil case of the obligation to comply with procedural rules.").

[3] Plaintiff contends that he mailed the motion to remand two days before the thirty-day deadline because he was waiting to see if all defendants had consented to removal. (*See* Mot. Extension of Time ¶ 3).

granted.  Because the Court deems plaintiff's motion to remand as made on June 21 and therefore timely, his motion to extend the time to file is not necessary and accordingly will be denied as moot.

## III.    Attorney's Fees and Costs of Removal

Plaintiff's motion to remand seeks reimbursement for the costs of removal.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."  If the removing party had an "objectively reasonable basis for seeking removal," it is generally inappropriate for a court to award costs under § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Because plaintiff's complaint arguably asserted a federal cause of action against at least one of the defendants, SLM's notice of removal was not objectively unreasonable.  Accordingly, the Court will not award attorney's fees or costs of removal to plaintiff.

## IV.    Conclusion

For the foregoing reasons, plaintiff's motion to remand is GRANTED.  Plaintiff's request for costs associated with removal is DENIED.  Defendants' motions to dismiss are DENIED without prejudice as moot, and plaintiff's motion for extension of time is DENIED as moot.
**So Ordered.**


                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
Dated: February 11, 2011                            United States District Judge